### Oliver Bridgers v. The State.

#### No. 2653.   Decided November 26, 1902.

**1.—Perjury in Affidavit for Witness Fees—Charge.**

On a trial for perjury charged to have been committed in an affidavit for witness fees in a criminal case, in Falls County, the charge of the court to the jury was erroneous which made defendant's guilt or innocence depend upon the fact that he did not live in Milam county at the time he made the affidavit, and which also turned the perjury of defendant upon a matter shown to be the truth, and not questioned by the State.

**2.—Same.**

Where it was charged by the indictment that defendant committed perjury in an affidavit for fees as a witness in traveling to and from his residence to attend the court, and also for three days attendance upon court, such indictment was insufficient to charge defendant with making a false affidavit claiming witness fees to which he was not entitled.

Appeal from the District Court of Falls. Tried below before Hon. Sam R. Scott.

Appeal from a conviction of perjury; penalty, two years imprisonment in the penitentiary.

No statement is required.

*Nat Lewellen,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was charged with perjury in making affidavit to the following instrument: "State of Texas to Oliver Bridgers, witness in the following styled cause, The State of Texas v. Wesley Allen (No. 4,023), charged with forgery: To 44 miles going to and returning from Marlin to Baileyville, by the nearest practicable conveyance, at three cents per mile, $1.32; to 3 days' necessary absence from home in attendance on court in above cause, at $1.00 per day, at the Jan. term, $3.00; by amount furnished me by ——, sheriff of county; balance due, $4.32." The materiality is alleged as follows: "And it then and there became and was a material statement in said account, 'To 44 miles going to and returning from Marlin to Baileyville,' and it also became and was a material statement in said account, 'bal-

ance due, $4.32,' * * * whereas, in truth and in fact, the said Oliver Bridgers did not come to Marlin from Baileyville, and did not return to Baileyville from Marlin, and whereas, in truth and in fact, the balance due the said Oliver Bridgers was not $4.32, and was not any amount." So it will be seen that portion relied on is the allegation appellant "did not come to Marlin from Baileyville, and did not return to Baileyville from Marlin," and that "the balance due Bridgers was not $4.32, and was not any amount." The evidence shows that, at the time of the service of the subpœna upon appellant, he was a resident of Falls County; that before the trial he had gone into Milam County, near Baileyville, and made a rental contract for the year 1902, and informed his landlord that he would return by Monday night from court, where he was called to attend the trial of Wesley Allen. This was on Saturday. Appellant made arrangements with his brother-in-law, who lived in that neighborhood,—perhaps upon the same place,—to board his family until he could get his house ready, or until he could consummate necessary arrangements to move upon his rented premises, and left immediately for Marlin, to attend court. The evidence is uncontroverted that the point from which he started, where he rented the premises, was near the village of Baileyville, and more than twenty-two miles from Marlin, where the court was in session. The owner of the premises testified that it may have been thirty miles. Then it is evident that, so far as the distance sworn to as having been traveled, it was the truth. There is no question of the fact that appellant attended the court, and remained away from this particular point, three days. Without going into several questions suggested, there is a fatal error in the charge of the court. This charge made appellant's guilt or innocence depend upon the fact that he did or did not live in Milam County at the time he made the affidavit. He first charged the jury that, if they found defendant knew at the time he swore to the account that he did not come from Baileyville to Marlin, and return from Marlin to Baileyville, defendant would be guilty; however, if defendant was living in Milam County, they would find him not guilty. Then, again, summing up, the court informs the jury: "In other words, gentlemen, you are charged that, before you can find the defendant guilty, you must find that defendant, at the time he swore to the account in question, he was living in Falls County, and that he knew he was not living in Milam County, and that the statement made by him in said account, to effect that he traveled forty-four miles in going to and returning from Marlin to Baileyville, if he made such statement, was known to him to be false and untrue, and that he made the same deliberately and willfully; that is, with a knowledge that he was not entitled to the same." As before stated, the evidence is unquestioned that he went from near the little village of Baileyville to Marlin, a distance of more than twenty-two miles, and returned to the same point; that he left there either Saturday night or Sunday morning, and returned on the following Wednesday. The court turns the perjury of appellant upon a matter

that is shown to be the truth, and not questioned by the State. If there is perjury under any phase or possible phase of testimony that could be introduced, it would be that he was claiming witness fees to which he was not entitled. But the allegation of perjury is upon the fact that he did not travel the distance he swore he did, and that he was not in attendance upon court the number of days to which he swore. The court submitted an issue and theory to the jury upon which a verdict can not be permitted to stand, and one which, if it could be, was shown to be true, and not false. If it was intended to charge appellant with making a false affidavit claiming witness fees to which he was not entitled, the indictment is not sufficient. We suppose the court so recognized, and did not undertake to charge the law applicable to that state of case.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*